# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Commercial Plastics Company,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Court No. 1:26-cv-5046 |

## COMPLAINT

Commercial Plastics Company ("Commercial Plastics" or "Plaintiff"), by counsel, Honigman LLP, and for its Complaint against the United States Customs and Border Protection ("CBP"), Rodney S. Scott, in his official capacity as Commissioner of CBP, and the United States of America (collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. This is an action seeking a refund of tariffs unlawfully imposed and collected under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq.

2. Beginning in February 2025, the President of the United States issued a series of executive orders purporting to impose substantial ad valorem tariffs on imported merchandise by invoking IEEPA as statutory authority.

3. Acting pursuant to those executive orders, CBP assessed and collected IEEPA tariffs on imports originating from essentially all foreign countries.

4. Commercial Plastics is a plastic injection molder in the United States using imported machinery and materials. CBP charged IEEPA tariffs on Commercial Plastics's imports into the United States.

5. The United States Court of International Trade ("CIT"), the United States Court of Appeals for the Federal Circuit, and the Supreme Court of the United States have now conclusively held that IEEPA does not authorize the imposition of IEEPA tariffs.

6. Although CBP is now permitting importers to seek refunds of certain IEEPA tariffs through the Automated Commercial Environment ("ACE") via Consolidated Administration and Processing of Entries ("CAPE") declarations, that administrative mechanism is limited in scope and does not obviate the need for judicial relief. CAPE declarations are available only for a subset of entries, are being implemented in phases, do not cover all liquidation scenarios, and remain subject to further legal and administrative constraints. Moreover, the availability of administrative refunds remains uncertain in light of Defendants' express reservation of appellate rights and ongoing litigation concerning the scope and mechanics of refund relief.

7. Accordingly, Commercial Plastics brings this action to preserve and secure its right to a refund, with interest, of all unlawfully collected IEEPA tariffs currently estimated to exceed $79,176.20, including for entries not presently eligible for CAPE declarations.

## PARTIES

8. Plaintiff Commercial Plastics is a company organized under the laws of Illinois.

9. Defendant CBP is an agency of the United States Department of Homeland Security, headquartered in Washington, D.C., and is responsible for administering and enforcing the customs laws of the United States, including the assessment and collection of duties on imported merchandise.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendant United States of America is the sovereign entity that received the tariff payments challenged in this action and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## JURISDICTION AND STANDING

12. This Court has exclusive subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i) because this action arises out of laws providing for tariffs and duties and the administration and enforcement thereof. The Supreme Court confirmed that challenges to the IEEPA tariffs fall "within the exclusive jurisdiction of" the Court of International Trade. *Learning Res., Inc. v. Trump*, 607 U.S. 229, 240 n.1 (2026).

13. This Court also has jurisdiction under 28 U.S.C. § 2631(i) because Commercial Plastics is a person adversely affected or aggrieved by agency action within the meaning of 5 U.S.C. § 702.

14. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. § 2643(a)(1), (c)(1).

15. This Court has personal jurisdiction over all Defendants because they are sovereign defendants or, in case of Mr. Scott, sued in his official capacity in connection with the collection of tariffs.

16. Plaintiff has standing because it is the importer of record for entries subject to duties imposed that have been held by the Supreme Court to be unlawful. Plaintiff has paid IEEPA tariffs and thus suffered injury. Remedial relief, as well as monetary relief, would redress those injuries.

## TIMELINESS

17. A Plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On February 1, 2025, President Trump issued executive orders that resulted in the collection of IEEPA tariffs. The instant action is filed within two years from when Plaintiff first paid these IEEPA tariffs.

## STATEMENT OF FACTS

### A. The IEEPA Tariff Orders

18. IEEPA authorizes the President, upon declaration of a national emergency, to regulate certain foreign exchange and commercial transactions.

19. IEEPA does not authorize the President to impose customs duties or tariffs on imported merchandise.

20. Nevertheless, beginning in February 2025, the President issued executive orders imposing new tariffs on imports from China and other countries, invoking IEEPA as the asserted statutory authority.

21. Those executive orders directed CBP to modify the Harmonized Tariff Schedule of the United States ("HTSUS") by creating new Chapter 99 tariff provisions implementing the IEEPA tariffs.

### B. CBP's Implementation of the Tariffs

22. CBP is charged with the assessment and collection of duties on imported merchandise. 19 U.S.C. §§ 1500, 1502.

23. When goods enter the United States, CBP assesses duties based on HTSUS classification and the rates in effect, including the IEEPA-based duties, which were assigned additional HTSUS subheadings to allow CBP to collect these duties.

24. Acting pursuant to the challenged executive orders, CBP required importers of record—including Commercial Plastics—to declare and pay IEEPA tariffs at the time of entry.

25. Importers pay estimated duties at entry; CBP later finalizes classification, appraisement, and the duty amount. See 19 U.S.C. § 1500.

26. Once CBP finalizes duty liability, it "liquidates" the entry and issues notice. *See* 19 U.S.C. § 1504. Liquidation is "the final computation or ascertainment of duties[.]" 19 C.F.R. § 159.1.

27. This Court may in its equitable authority suspend liquidation. *In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1365-66 (Ct. Int'l Trade 2021).

28. Once an entry has liquidated, the importer of record generally has 180 days to file a protest if the liquidation is protestable. This protest asks CBP to "reliquidate" the duties. *See* 19 U.S.C. § 1514. However, when CBP acts in a purely ministerial role—meaning it applies duties without exercising discretion—the liquidation cannot be challenged. *Id.*; *see also Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024).

29. Both this Court and the Federal Circuit have emphasized that importers may lack any legal entitlement to recover duty refunds on entries that have already liquidated, even if the tariff later proves unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d at 1365–66; *Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025). For that reason, this complaint also seeks relief against the liquidation of certain of Plaintiff's entries.

**C. Commercial Plastics's Imports and Payments**

30. Commercial Plastics imported injection molding machinery, tooling, and raw materials to manufacture commercial plastic products into the United States during 2025, while CBP was charging IEEPA tariffs.

31. Commercial Plastics paid IEEPA tariffs on entries including, but not limited to, the following exemplary CBP entry numbers (additional entries to be identified through discovery or supplementation):

| Entry Number | Line | IEEPA Tariff Code | Tariff Amount |
|---|---|---|---|
| T81-6059695-3 | 001 | 9903.01.24 | $52,780.00 |
| T81-6059695-3 | 001 | 9903.01.25 | $26,390.00 |
| T81-6059155-8 | 001 | 9903.01.20 | $6.20 |

32. The total amount of IEEPA tariffs paid by Commercial Plastics on these entries is currently estimated to exceed $79,176.20, exclusive of interest.

33. The IEEPA tariffs were collected from Commercial Plastics through liquidation deposits and/or final duty assessments.

**D. Supreme Court Decision Holding IEEPA Tariffs Unlawful**

34. The Court of International Trade held that the President exceeded his authority under IEEPA in imposing tariffs.

35. The Federal Circuit affirmed that holding.

36. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Res.*, 607 U.S. at 255.

37. As a result, the IEEPA tariffs assessed and collected from Commercial Plastics were unlawful from their inception.

## CLAIMS FOR RELIEF

### COUNT I – Refund of Unlawfully Collected IEEPA Tariffs (28 U.S.C § 1581(i))

38. Commercial Plastics incorporates the foregoing paragraphs as if fully set forth herein.

39. Beginning February 1, 2025, President Trump issued a series of executive orders imposing tariffs on goods imported into the United States from numerous countries, including from China, Taiwan, Vietnam, and dozens of other countries.

40. These executive orders imposed tariffs ranging from ten percent to twenty-five percent or higher on various categories of imported goods.

41. The President invoked the IEEPA (50 U.S.C. § 1701) as the statutory authority for imposing these tariffs.

42. Commercial Plastics, as an importer of record for injection molding machinery and raw materials to manufacture commercial plastic products imported into the United States, was required to pay IEEPA tariffs.

43. Defendants collected IEEPA tariffs from Commercial Plastics over the course of 2025.

44. The Supreme Court held in *Learning Resources* that the President exceeded his authority under 50 U.S.C. § 1701 by imposing the IEEPA tariffs, affirming this Court's opinion in *V.O.S. Selections, Inc. v. Trump*, 772 F. Supp. 3d 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025).

45. The IEEPA tariffs collected from Commercial Plastics were unlawful and void *ab initio*.

46. Defendants lacked authority to assess, collect, or retain those tariffs.

47. Commercial Plastics is entitled to a refund of all IEEPA tariffs paid, whether associated with liquidated or unliquidated entries, together with interest as provided by law.

48. This Court has authority to order reliquidation and refunds where the government has unlawfully exacted duties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that the IEEPA Tariffs imposed under the challenged executive orders are unlawful, void *ab intito*, and without effect as applied to Plaintiff;

b. declare that, with respect to Plaintiff, CBP lacks authority to implement, enforce, administer and collect any IEEPA tariffs;

c. order CBP to reliquidate any entries that have been liquidated with IEEPA tariffs;

d. order CBP to liquidate all unliquidated entries subject to IEEPA tariffs without IEEPA tariffs;

e. order the United States to refund to Plaintiff the duties collected from Plaintiff on all entries subject to IEEPA tariffs, with interest as provided by law;

f. award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

g. grant such other and further relief as the Court deems just and proper.

Dated: November 6, 2026

Respectfully Submitted,
HONIGMAN LLP

By: */s/Angela I. Gamalski*

Angela I. Gamalski
Honigman LLP
101 North Main Street, Suite 850
Ann Arbor, MI 48104
Telephone: 734.418.4244
Email: agamalski@honigman.com

*Attorneys for Commercial Plastics Company*